# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 20-1261V

| | |
|---|---|
| SARAH HENDERSON, | Chief Special Master Corcoran |
| Petitioner, | |
| v. | Filed: August 28, 2023 |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | |
| Respondent. | |

*David John Carney*, Green & Schafle LLC, Philadelphia, PA, for Petitioner.

*Ronalda Elnetta Kosh*, U.S. Department of Justice, Washington, DC, for Respondent.

**DECISION ON ATTORNEY'S FEES AND COSTS**[1]

On September 24, 2020, Sarah Henderson filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleged that she suffered a shoulder injury related to vaccine administration ("SIRVA"), a defined Table injury, after receiving an influenza ("flu") vaccine administered on October 27, 2019. Petition at 1, ¶¶ 1, 19. On February 28, 2023, I issued a decision awarding compensation to Petitioner, following briefing by the parties. ECF No. 52.

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755.  Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

Petitioner has now filed a motion for attorney's fees and costs, requesting an award of $55,163.79 (representing $53,251.50 in fees and $1,912.29 in costs). Petitioner's Counsel's Application for Attorneys' Fees and Costs, filed Mar. 5, 2023, ECF No. 56. In accordance with General Order No. 9, Petitioner filed a signed statement indicating that he incurred no out-of-pocket expenses. *Id.* at 64.

Respondent reacted to the motion on March 20, 2023, reporting that he is satisfied that the statutory requirements for an award of attorney's fees and costs are met in this case, but deferring resolution of the amount to be awarded to my discretion. Respondent's Response to Motion at 2-3, 3 n.2, ECF No. 57. Petitioner did not filed a reply.

Having considered the motion along with the invoices and other proof filed in connection, I find a reduction in the amount of fees and costs to be awarded appropriate, for the reasons set forth below.

**ANALYSIS**

The Vaccine Act permits an award of reasonable attorney's fees and costs. Section 15(e). Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. *See Savin v. Sec'y of Health & Hum. Servs.*, 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Hum. Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Id.* at 1522. Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond. *See Sabella v. Sec'y of Health & Hum. Servs.*, 86 Fed. Cl. 201, 209 (2009). A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Hum. Servs.*, 102 Fed. Cl. 719, 729 (2011).

The petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred." *Wasson v. Sec'y of Health & Hum. Servs.,* 24 Cl. Ct. 482, 484 (1991). The Petitioner "should present adequate proof [of the attorney's fees and costs sought] at the time of the submission." *Wasson,* 24 Cl. Ct. at 484 n.1. Petitioner's counsel "should make a good faith effort to exclude from a fee request hours

2

that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Hensley*, 461 U.S. at 434.

## ATTORNEY FEES

The rates requested for work performed through the end of 2022 by all attorneys who worked on this matter are reasonable and consistent with our prior determinations, and will therefore be adopted. ECF No. 56 at 12-25. Petitioner has also requested $425 per hour for work performed by David Carney in 2023 - representing a rate increase of $25. *Id.* at 25. I find this hourly rate to be reasonable as well.

Regarding the number of hours billed, however, some adjustments are merited. First, attorney Adam Green billed 1.7 hours on July 16, 2022, for researching and drafting the "Legal Standard" section of the damages brief. ECF No. 56 at 23. However, the resulting section is virtually *identical* to the content of previous briefs filed by Petitioner's counsel in other cases. Review of the damages briefing from the same counsel from 2021 to the present, and filed in 29 *other* SPU SIRVA cases requiring a substantive damages decision, reveals multiple similarities related to the "Legal Standard" sections containing discussions of authority existing for at least ten years - with only minor changes, or slight, non-substantive differences in how paragraphs were ordered. For example, the briefing in this case on damages is strikingly similar to what counsel filed in July 2021 (one year prior to the briefing in this case) in *Griffore v. Sec'y of Health & Hum. Servs.,* No. 19-1914V at ECF No. 32, and in August 2022 in *Mora v. Sec'y of Health & Hum. Servs.*, No. 21-0521V at ECF No. 31. Attorney's fees which included 1.2 and 1.3 hours, respectively, for work by Mr. Green, have already been awarded in those cases.

"If an attorney may not bill his client for this task, the attorney may also not bill the Program for this task." *Carter v. Sec'y of Health & Human Servs.*, No. 04-1500V, 2007 WL 2241877, at *5 (Fed. Cl. Spec. Mstr. July 13, 2007). While I do not fault counsel for recycling "boilerplate" in briefs that is relevant in different cases, it is not appropriate to bill fully for such work either when it is not novel (or only requires minor updating). Accordingly, I will award only .5 hours of time for this task, reducing the time billed by 1.2 hours. **This results in a reduction of $510.00.[3]**

Second, I deem the *total* amount of time devoted to briefing damages to be excessive. *See* Status Report, filed July 13, 2022, ECF No. 43 (reporting an impasse in

---

[3] This amount is calculated as follows: 1.2 x $425 = $510.00.

damages discussions); Petitioner's Brief in Support of Damages, filed July 26, 2022, ECF No. 45; Petitioner's Reply in Support of Petitioner's Brief in Support of Damages, filed Oct. 11, 2022, ECF No. 49. After accounting for the reduction already mentioned, Petitioner's counsel expended approximately 25.5 hours drafting the damages brief, followed by 16.3 hours drafting the reply brief, totaling 41.8[4] hours. ECF No. 56 at 23-25. In addition, drafting of the damages briefs involved the work of two attorneys, billing between $400 to $425 per hour, and thus suggesting some degree of unnecessary overlap/inefficiency compounding the excessive cost associated with this task.

My above calculation does not include time spent preparing the initial demand which would have informed this later work – 16.3 hours – and I am therefore awarding fees associated with that task in full.[5] Nor am I counting time spent communicating with Petitioner and preparing additional supporting documentation such as affidavits or signed declarations, which is also being awarded in full. *See,* e.g., ECF No. 56 at 25 (entry dated 10/6/22)).

It is unreasonable for counsel to spend so much time briefing the issue of damages in this case, once the sum in question is calculated, and where the issues presented are not complex. I have identified numerous cases (which may reasonably be compared to time spent in this matter),[6] in which attorneys have accomplished this task in about half the time.[7] *See,* e.g., *Kestner v. Sec'y of Health & Hum. Servs.*, No. 20-0025V (June 22, 2023) (6.00 and 4.10 hours billed for drafting a damages brief and responsive damages brief, respectively); *Juno v. Sec'y of Health & Hum. Servs.*, No. 18-0643V (June 14, 2023) (5.8 hours billed for drafting a damages brief); *Deutsch v. Sec'y of Health & Hum. Servs.*, No. 18-0527V (June 12, 2023) (7.4 and 4.4 hours billed for drafting a damages brief and responsive damages brief, respectively); *Piccolotti v. Sec'y of Health & Hum. Servs.*, No. 20-0135V (June 8, 2023) (16.0 and 11.1 hours billed for drafting a damages brief and responsive damages brief, respectively); *Edminister v. Sec'y of Health & Hum. Servs.*,

---

[4] This total is calculated as follows: 7.9 hours billed on 7/25/22, 7/26/22, 10/2/22, 10/3/22, 10/11/22 by David Carney at a rate of $400 and 33.9 hours billed on 7/14/22, 7/15/22, 7/16/22 (the remaining .5 hours), 7/17/22, 7/18/22, 7/24/22, 7/25/22, 9/26/22, 9/27/22, 9/28/22, 9/29/22, 9/30/22, 10/1/22 by Adam Green at a rate of $425.

[5] This time was billed by David Carney in late 2021, using an hourly rate of $375, and results in $6,112.50 in attorney's fees. ECF No. 56 at 18-19.

[6] Special masters may use comparisons to attorneys performing similar tasks to determine if hours are excessive. *See Saxton v. Sec'y of Health & Hum. Servs.*, 3 F.3d 1517, 1518-1521 (Fed. Cir. 1993).

[7] These decisions can be found on the United States Court of Federal Claims website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc (last visited July 21, 2023).

4

No. 19-0184V (May 30, 2023) (15.3 and 3.5 hours billed for drafting a damages brief and responsive damages brief, respectively); *Aponte v. Sec'y of Health & Hum. Servs.*, No. 20-1031V (May 18, 2023) (6.9 hours billed for drafting a damages brief); *Gray v. Sec'y of Health & Hum. Servs.*, No. 20-1708V (May 18, 2023) (5 hours billed for drafting a damages brief); *Merson v. Sec'y of Health & Hum. Servs.*, No. 18-0589V (May 18, 2023) (9.8 hours billed for drafting a damages brief); *Rice-Hansen v. Sec'y of Health & Hum. Servs.*, No. 20-1338V (May 17, 2023) (12.9 and 6.1 hours billed for drafting a damages brief and responsive damages brief, respectively); *Horky v. Sec'y of Health & Hum. Servs.*, No. 20-0239V (May 18, 2023) (5.8 hours billed for drafting a damages brief); *Thomson v. Sec'y of Health & Hum. Servs.*, No. 22-0234V (May 4, 2023) (9.5 and 2.5 hours billed for drafting a damages brief and responsive damages brief, respectively).

The circumstances of this case did not warrant devoting so much time to the damages briefing. The primary area of dispute[8] involved the appropriate amount of compensation for Petitioner's past pain and suffering. *See Henderson v. Sec'y of Health & Hum. Servs.,* No. 20-1261V, 2023 WL 2728778, at *4 (Fed. Cl. Spec. Mstr. Feb. 28, 2023). The parties' views differed by only $30,000.00 - Petitioner sought $95,000.00, and Respondent countered with $65,000.00. *Id.* I ultimately awarded the amount for pain and suffering proposed by Respondent – further underscoring the extent to which Petitioner's efforts in this behalf had a futile quality (since I ultimately found the higher figure was not adequately defended).

Of course, having prevailed in this case, a fees award is generally appropriate. *See Henderson*, 2023 WL 2728778, at *7. But the Act permits only an award of a *reasonable amount of* attorney's fees. Accordingly, I will reduce the sum to be awarded for damages briefing (**a total of 41.8 hours, or $17,567.50)** by *thirty percent*. Such an across-the-board reduction (which I am empowered to adopt)[9] fairly captures the overbilling evidenced by this work, without requiring me to act as a "green eye-shaded accountant" in identifying with specificity each objectionable task relevant to this one sub-

---

[8] Although the parties also disputed the amount of past expenses, Petitioner provided little argument on the issue, and failed to provide some of the needed documentation necessary to evaluate/substantiate the demanded sum. *See Henderson,* 2023 WL 2728778, at *4, 6-7. Additionally, the appropriate amount to be awarded for this damages component was easily determined as it rested primarily on the overall issue affecting the pain and suffering award, the extent and duration of Petitioner's SIRVA injury. *See id.* at *6-7.

[9] Special masters are permitted to employ percentage reductions to hours billed, provided the reduction is sufficiently explained. *See,* e.g., *Abbott v. Sec'y of Health & Hum. Servs.,* 135 Fed. Cl. 107, 111 (2017); *Raymo v. Sec'y of Health & Hum. Servs,* 129 Fed. Cl. 691, 702-704 (2016); *Sabella v. Sec'y of Health & Hum. Servs.,* 86 Fed. Cl. 201, 214 (2009).

area of work performed on the case. **This results in a reduction of $5,270.25.**[10]

## ATTORNEY COSTS

Petitioner requests $1,912.29 in overall costs. ECF No. 56 at 29-62. She has provided receipts for all but expenses of $116.60 for copying and scanning, and $19.65 for copying. *Id.* I will nevertheless allow reimbursement of these unsubstantiated costs. And Respondent offered no specific objection to the rates or amounts sought.

However, Petitioner mistakenly charged $6.54, instead of the correct amount $5.54, for the costs of obtaining medical records from One Medical Group. *Compare* ECF 56 at 30 *with id.* at 45. Accordingly, **I will reduce the amount of costs to be awarded by $1.00**.

## CONCLUSION

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Accordingly, I hereby GRANT Petitioner's Motion for attorney's fees and costs. I award a total of **$49,382.54 (representing $47,471.25 for attorney's fees and $1,911.29 in costs) as a lump sum in the form of a check jointly payable to Petitioner and Petitioner's counsel, David J. Carney.**

In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk of Court shall enter judgment in accordance with this Decision.[11]

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

---

[10] This amount is calculated as follows: (33.9 x $425 x 0.30 = $4,322.25) + (7.9 x $400 x 0.30 = $948.00) = $5,270.25.

[11] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.